| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ALBERT W. HOPE, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:16-CV-487 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

# ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the court affirm the Commissioner's decision.

The court considered the report and recommendation filed on March 2, 2018 (Doc. No. 20) and the Plaintiff's objections filed on March 15, 2018 (Doc. No. 21). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

In his objections, Hope alleges that Judge Hawthorn erred in finding that: only acceptable medical sources can issue opinions with regard to functional ability, instead of giving weight to the opinions of Hope's physical therapist and nurse; and there was no error when the ALJ gave significant weight to the opinions of the state agency medical consultants, who did not review a complete medical record. (Doc. No. 21.)

Hope argues that ALJ Gutierrez erred by not considering the opinions of Hope's physical therapist and nurse given prior to Hope's onset date. As noted by Judge Hawthorn, the regulations and rulings in effect at the time of Hope's filing indicate that a nurse and a physical therapist are not acceptable medical sources. S.S.R. 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006); 20 C.F.R. § 404.1527 (2017); *Hayes v. Astrue*, No. 3:11–CV–1998–L, 2012 WL 4442411, at *3 (N.D. Tex. Sept. 26, 2012) (explaining that "the ALJ was not required to give [a nurse's] opinions any weight" because she was "not an 'acceptable medical source' "); *Forest v. Astrue*, No. CIV.A. 11-2017, 2012 WL 3137844, at *11 (E.D. La. Aug. 1, 2012), *report and recommendation adopted*, No. CIV.A. 11-2017, 2012 WL 3437514 (E.D. La. Aug. 15, 2012) ("Although the ALJ did not discuss the weight she gave to the physical therapist's findings, it is well established that a physical therapist is an 'other' medical source, rather than an 'acceptable medical source.'"). Consequently, there is no requirement that the evaluator explain his reasoning when he accords greater weight to the opinion evidence of an acceptable medical source over the opinion evidence of other sources. *See Ihde v. Colvin*, 270 F. Supp. 3d 956, 962 (W.D. Tex. 2017). In this case, ALJ Gutierrez gave greater weight to the opinion of Dr. Yvonne Post, an acceptable medical source, over the opinions of Hope's physical therapist and nurse, who are not acceptable medical sources. Accordingly, he was not

required to state his reasoning for doing so. As such, this objection to the report and recommendation is overruled.

With regard to the state agency medical consultants, ALJ Gutierrez relied upon Dr. Yvonne Post's evaluation that Hope could perform work at the light exertional level. (Tr. 21.) A state agency medical consultant is an acceptable medical source. S.S.R. 06-03p, 2006 WL 2329939, at *1 (Aug. 9, 2006). Although Dr. Post did not have the opportunity to review some of the medical records generated after her review of Hope's case, Judge Hawthorn explained these records in detail and noted that their findings do not differ from Hope's prior MRI, EMG, and X-ray, as well as his post-surgery follow up exam, which showed increased functionality. As such, any error by the ALJ in not having these additional records reviewed by a state agency medical consultant is harmless. Therefore, the Court finds that this objection is also without merit.

The Court has conducted a *de novo* review of the purported objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful review, the Court concludes that the Plaintiff's objections are without merit. Accordingly, the Court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 23rd day of April, 2018.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE